# UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF FLORIDA

## ORLANDO DIVISION

| | |
|---|---|
| HBA HOLLYWOOD BEAUTY ACADEMY, LLC, a domestic limited liability company; FAB FLORIDA ACADEMY OF BEAUTY, LLC, a domestic limited liability company; RONALD KING-WONG KWOK, individually; and, KWOK ENTERPRISES, LLC, a foreign limited liability company,<br><br>　　　　　Plaintiffs,<br><br>　vs.<br><br>THUY AI CHANH LAM (a/k/a Kathy Lam), individually; DANIEL NHU NGUYEN, individually; and DUANE KEVIN SELLS, individually,<br><br>　　　　　Defendants. | **VERIFIED COMPLAINT**<br><br><br><br>**PRELIMINARY INJUNCTIVE RELIEF DEMANDED**<br><br>**PERMANENT INJUNCTIVE RELIEF DEMANDED** |

Plaintiffs, HBA HOLLYWOOD BEAUTY ACADEMY, LLC, a domestic limited liability company, FAB FLORIDA ACADEMY OF BEAUTY, LLC, a domestic limited liability company, RONALD KING-WONG KWOK, individually, and KWOK ENTERPRISES, LLC, a foreign limited liability company, sues Defendants, THUY AI CHANH LAM (a/k/a Kathy Lam), individually, DANIEL NHU NGUYEN, individually, and DUANE KEVIN SELLS, individually, alleges:

## NATURE OF THE ACTION

1.     This is an action for misappropriation of trade secrets under federal law, unfair competition under federal law, direct and vicarious trademark infringement

under federal law, breach of contract, contractual indemnification, rescission, unjust enrichment, fraud in the inducement, accounting, tortious interference with business relations, and civil theft.

## PARTIES

2.      Plaintiff, HBA HOLLYWOOD BEAUTY ACADEMY, LLC ("HBA"), is a domestic limited liability company whose members are *sui juris* and are citizens of the State of Florida and the State of North Carolina.

3.      Plaintiff, FAB FLORIDA ACADEMY OF BEAUTY, LLC ("FAB"), is a domestic limited liability company whose members are *sui juris* and are citizens of the State of Florida.  HBA and FAB regulated by the Commission for Independent Education - Florida Department of Education ("CIE").

4.      Plaintiff, RONALD KING-WONG KWOK ("Kwok"), is *sui juris* and is an adult citizen of the State of Florida.  Kwok currently owns and operates HBA and FAB, due to a Sale and Purchase Agreement dated April 2, 2021.  HBA and FAB are provisionally accredited by CIE for instruction in the fields of cosmetology, esthetics, nail technology, barbering and permanent makeup.  Both HBA and FAB have instructors and students to operate their respective businesses.

5.      Plaintiff, KWOK ENTERPRISES, LLC ("Kwok Enterprises"), is a foreign limited liability company whose members are *sui juris* and are citizens of the State of North Carolina.

6.      Defendant, THUY AI CHANH LAM (a/k/a Kathy Lam) ("Lam"), is *sui juris* and is an adult citizen of the State of Georgia.  Lam is the former owner and

operator of HBA and FAB and is also bound by the Sale and Purchase Agreement herein, as well as a Finder's Fee Agreement dated February 1, 2021, and a Sale of Phone Assets Agreement dated May 4, 2023, with Kwok.

7.    Defendant, DANIEL NHU NGUYEN ("Nguyen"), is *sui juris* and is an adult citizen of the State of Georgia.  Nguyen is also the former operator of HBA and FAB and is also bound by the Sale and Purchase Agreement herein.  Lam and Nguyen were married to each other before the sale of HBA and FAB; however, Lam and Nguyen are now divorced.  Lam and Nguyen have owned numerous businesses similar to HBA and FAB, including the Atlanta Beauty and Barber Academy and USA Beauty Academy, which they have collectively run for over 20 years.

8.    Defendant, DUANE KEVIN SELLS ("Sells"), is *sui juris* and is an adult citizen of the State of Georgia.  Sells purports to be the "School Director" of HBA as to May 5, 2023 to the present.  As the "School Director," Sells purports to act on behalf of HBA as to licensing, credentialing, and graduating students of HBA, even though Sells does not have the legal right to operate HBA, nor does he have the appropriate background in the fields of cosmetology, esthetics, nail technology, barbering and permanent makeup.  As the "School Director," Sells certifies HBA students to ensure that the hours needed to obtain a DBPR license are accurate.  Lam and Sells are business partners or are in a relationship together now.

### SUBJECT MATTER JURISDICTION

9.    This court has jurisdiction over the subject matter in this action, pursuant to 28 U.S.C. § 1331, because this action involves federal questions raised by

the Defend Trade Secrets Act, 18 U.S.C. § 1832, and the Lanham Act, 15 U.S.C. §§ 1114, 1125.

10.    Aside from the federal claims alleged herein, this court has supplemental jurisdiction over the state law claims in this action, pursuant to 28 U.S.C. § 1367, because the court has original jurisdiction of the federal question claims, and the state law claims are so related to the federal question claims that they form part of the same controversy under Article III of the United States Constitution.

11.    As an independent and alternative basis to federal question jurisdiction and supplemental jurisdiction, this court also has jurisdiction over the subject matter in this action, pursuant to 28 U.S.C. § 1332(a), because there is complete diversity between Plaintiffs on one hand (*i.e.*, Florida and North Carlina) and Defendants on the other hand (*i.e.*, Georgia) , and the amount in controversy in this action exceeds the sum of $75,000.00, exclusive of interest, attorneys' fees, and costs.

## PERSONAL JURISDICTION

12.    This court has specific *in personam* jurisdiction over Lam, Nguyen, and Sells because they have sufficient minimum contacts with the State of Florida, arising from this action such that they could reasonably foresee being subject to litigation in Florida.  More specifically, Lam, Nguyen, and Sells purposefully availed herself and himself to the State of Florida by making minimum contacts with Kwok, HBA, and FAB, who reside in Florida, for purposes of the subject matter underlying this suit in both tort and contract.

## VENUE

13.     Venue is proper in this court, pursuant to 28 U.S.C. § 1391(b)(1), because Lam, Nguyen, and Sells reside in the same State.

14.     As an independent and alternative basis, venue is also proper in this court, pursuant to 28 U.S.C. § 1391(b)(2), because a substantial part of the events or omissions giving rise to the claims accrued in Orange County, Florida.

## GENERAL ALLEGATIONS

### *The Prior State Case Involving the HBA and FAB Licenses*

15.     On or about June 12, 2019, HOLLYWOOD BEAUTY ACADEMY, INC. (as Seller) entered into a written agreement with HBA (as Buyer) for the purchase of the assets of the business known as Hollywood Beauty Academy, Inc., including a change of ownership from Hollywood Beauty Academy, Inc. to HBA. Due to the sale of assets, Lam and Nguyen were owners and members of HBA.

16.     On or about June 12, 2019, FLORIDA ACADEMY OF BEAUTY, INC. (as Seller) entered into a written agreement with FAB (as Buyer) for the purchase of the assets of the business known as Florida Academy of Beauty, Inc., including a change of ownership from Florida Academy of Beauty, Inc. to FAB. Due to the sale of assets, Lam and Nguyen were owners and members of FAB.  In total, HBA and FAB bought the schools for the sum of $241,700.

17.     Essentially, Lam and Nguyen bought HBA and FAB because they wanted the licenses from Hollywood Beauty Academy, Inc. and Florida Academy of Beauty, Inc., who are regulated by CIE. The licenses are a valuable asset.

18.     Without the appropriate licenses, HBA and FAB could not fully operate their businesses.

19.     Between June 12, 2019 to June 1, 2020, Hollywood Beauty Academy, Inc. diligently assisted HBA in the process of ownership and license transfer, and Florida Academy of Beauty, Inc. diligently assisted FAB in the process of ownership and license transfer.  During the license transfer process, the original owner was asked to continue certifying and signing student transcripts by Lam and Nguyen due to the lack of a qualified signer for the schools at the time.

20.     On or about June 29, 2020, CIE provisionally approved the change of ownership and licenses from Hollywood Beauty Academy, Inc. to HBA, and CIE provisionally approved the change of ownership and licenses from Florida Academy of Beauty, Inc. to FAB.

21.     Despite the approval on the provisional licensure, Lam, Nguyen, HBA, and FAB, refused to pay the assets that they contracted with Hollywood Beauty Academy, Inc. and Florida Academy of Beauty, Inc. until they were forced to do so in litigation.

22.     To be sure, on or about August 28, 2020, Hollywood Beauty Academy, Inc. and Florida Academy of Beauty, Inc. sued Nguyen, HBA, and FAB under Case Number 2020-CA-008689-O in the Ninth Judicial Circuit Court for Orange County, Florida.  Eventually, Lam became a third-party defendant on a third-party complaint where the allegation was that Lam "intentionally forged . . . numerous student transcripts and documents that she knew or should have known were not students at

the schools," and that Lam and Nguyen "also engaged in attempts to back-date

numerous problematic student transcripts" prior to June 12, 2020, so that would fall

under the ownership time of the original owner.

23.    In the end, the state case was dismissed due to a private settlement, and

Hollywood Beauty Academy, Inc. and Florida Academy of Beauty, Inc. were legally

dissolved under Florida law.

### *Lam and Nguyen Had Notice on Multiple Deficiencies Before Kwok Bought HBA and FAB*

24.    The crux of this case stems from the inability to get <u>full</u> licenses from

CIE as to HBA and FAB and approval to transfer ownership, due to the poor (or

non-existent) recordkeeping from Lam and Nguyen.  Simply put, Lam and Nguyen

cannot fulfill the conditions on full licensure, which is plainly evident in an October

12-14, 2020, email string between CIE and Lam:

---

Lam [mailto:nguyenbusiness93@ ▮▮▮▮▮▮]
**Sent:** Monday, October 12, 2020 9:53 AM
**To:** Disalvo, Christopher <Christopher.Disalvo@ ▮▮▮▮▮▮>
**Subject:** Re: #1797 & #4789 Annual Renewal

Good morning Mr. DiSalvo,

Since our school did not open until mid-June of 2019, **we will not have data before that time period.** How should we approach this as a result?

Thank you,

Kathy Lam

---

On Wednesday, October 14, 2020, 02:22:12 PM EDT, DiSalvo, Christopher
<christopher.disalvo@⬛⬛⬛⬛⬛> wrote:

The prior owners where required to maintain that data and pass it on to the new
owners. Have they provided any information on how they were maintaining this
information?

**Christopher DiSalvo**

Florida Department of Education

Commission for Independent Education

---

**From:** Kathy Lam [mailto:nguyenbusiness93@⬛⬛⬛⬛⬛]
**Sent:** Wednesday, October 14, 2020 2:51 PM
**To:** DiSalvo, Christopher <Christopher.DiSalvo@⬛⬛⬛⬛⬛>
**Subject:** Re: #1797 & #4789 Annual Renewal

Hello Mr. DiSalvo,

**They did not maintain a database or system. They only kept the student files
which was put into their storage, but I am not sure if that includes every student.**

---

On Wednesday, October 14, 2020, 03:58:08 PM EDT, DiSalvo, Christopher
<christopher.disalvo@⬛⬛⬛⬛⬛> wrote:

You will need to get those records from the old owner. The school must maintain
specific information in student records indefinitely for each student who attended.
This includes financial documents (ledgers), transcripts, and awarded credentials. Let
me know if you have any questions.

**Christopher DiSalvo**

Florida Department of Education

Commission for Independent Education

25.     To further the importance of accurate and complete student records, on or about December 11, 2020, CIE entered two Clerked Orders as to Hollywood Beauty Academy, Inc. and Florida Academy of Beauty, Inc.'s licensure.  A true and correct copy of the Clerk Orders are attached hereto as **Composite Exhibit "A."**

26.     To date, neither HBA nor FAB have gotten full licensure due to a myriad of issues that cannot be rectified with CIE, including but not limited to:

- Appropriate and complete student records, which must be saved indefinitely for each student who attended HBA and FAB;

- Accurate post-graduate placement and employment data;

- Accurate financial documents (ledgers) in accordance with GAAP principles;

- Accurate student transcripts; and,

- Accurate award credentials.

27.     After CIE entered the Clerked Orders, Lam and Nguyen then tried to satisfy the conditions on licensure, while simultaneously litigating with Hollywood Beauty Academy, Inc. and Florida Academy of Beauty, Inc.  But to this day, Lam and Nguyen were fully aware that they did not have complete and accurate records to satisfy CIE's requests.

28.     Lam and Nguyen should not have sold HBA and FAB to anyone (including Kwok, eventually) with full knowledge that the schools had corrupted

records, given that the licenses were only provisional licenses and would never get in good standing with CIE.

29.    But alas, during the subsequent months, Lam and Nguyen concocted a scheme to off-board HBA and FAB to another buyer.

### Kwok Forms a Business Relationship with Lam and Nguyen

30.    On or about December 22, 2020, Lam contacted Kwok regarding the purchase of HBA and FAB.  Even though Lam was merely a stranger to Kwok prior to December 22, 2020, Kwok was familiar with Lam because she had a long-standing relationship with Kwok's parents. At the time, Kwok was running a skincare company in Singapore where he had been based for the past 11 years.  Lam proposed a business deal that would complement Kwok's skincare business, which turned out to be HBA and FAB.

31.    On or about February 1, 2021, Kwok entered into a Finder's Fee Agreement with Lam in the amount of $450,000 for HBA and FAB.  A true and correct copy of the Finder's Fee Agreement is attached hereto as **Exhibit "B."**  On the same day, Kwok entered into a Sale and Purchase Agreement with Nguyen in the amount of $250,000 to purchase all rights, title, and interest in HBA and FAB, while Nguyen agreed to take all actions that were reasonably necessary to deliver legal and beneficial ownership in HBA and FAB.

32.    On or about April 2, 2021, the parties agreed on a novation where Kwok, Kwok Enterprises, and Nguyen would be the appropriate parties on the contract.  The Sale and Purchase Agreement, dated February 1, 2021, had the same

material provisions as the Sale and Purchase Agreement, dated April 2, 2021.  A true
and correct copy of the Sale and Purchase Agreement, dated April 2, 2021, is
attached hereto as **Exhibit "C."**

33.     The Sale and Purchase Agreement also spell out many due diligence
obligations to perfect the sales of HBA and FAB, including but not limited to
Nguyen's agreement that HBA and FAB has no notice of "any alleged violations of
any laws, rules or regulations with respect to the operation of each Business Entity."
*See generally id.*

34.     Importantly, both the Finder's Fee Agreement and Sale and Purchase
Agreement contain a Termination Option, which was designed to rescind the
$700,000 under the Finder's Fee Agreement and Sale and Purchase Agreement back
to Kwok and Kwok Enterprises if they could not "operate [HBA and FAB] with all
licensing in the state of Florida."  *See id.* at 9.  And if the Termination Option was
triggered, Lam and Nguyen agreed to return all monies back to Kwok and Kwok
Enterprises.  *See* Ex. B. at 1.

35.     To show how rushed the deal was, Lam and Nguyen insisted on
executing the Sale and Purchase Agreement by February 1, 2021.  This gave Kwok
only five weeks from being informed about the deal to completing due diligence
(instead of the normal range of six to eight months for business due diligence).  Lam
emphasized how she was selling the schools at a "deep discount" due to the COVID
pandemic and multiple buyers were interested.  But in reality, the "deep discount"
was nothing than puffery because Lam and Nguyen bought HBA and FAB for

$241,700 then proceeded to sell HBA and FAB for $700,000 within one year in the

middle of the COVID pandemic.  Although Kwok was hesitant, he relied on the

familial dynamics.  Little did he know that Lam and Nguyen had ulterior motives.

36.     Due to the Sale and Purchase Agreement, both HBA and FAB were

under Kwok and Kwok Enterprises' control as to April 2, 2021.  Kwok spent two

years, from 2021 to 2023, working hard to turn HBA and FAB around, eventually

becoming one of the top-rated beauty schools in all of Orlando.  However, even at

this level, the schools were only barely profitable so long as Kwok continued to take

a significant pay cut.

37.     Disappointed at the 2+ year process to affect the name change, Kwok

expressed interest in selling HBA and FAB back to Lam and Nguyen or another

third party in 2023.  However, once Kwok disclosed that the licenses were still in

Nguyen's name, all outside buyers lost interest in purchasing HBA and FAB.  Lam

capitalized on the fact that the schools could only be sold back to her in order to

drive down the price, offering an insulting $10,000 to buy back the schools, even

though the Termination Option in the Finder's Fee Agreement and Sale and

Purchase Agreement is clear on this issue.  Kwok not only paid $700,000 for HBA

and FAB, but he also made improvements to the facilities of the schools, totaling

$171,200 (as to HBA) and $28,300 (as to FAB).

38.     After multiple requests by Kwok to buy back HBA and FAB, on May 5,

2023, Lam ultimately agreed to purchase the phone numbers associated with HBA

and FAB at a price of $50,000.  This was the only asset of HBA and FAB which Kwok could sell to Lam at a fair price.

39.    From 2021 to 2023, Kwok worked with CIE on the approval of the change of ownership and licensure issue for HBA and FAB.  CIE kept citing the Clerked Orders, which were preventing CIE from even considering the change of ownership and full licensure.  Kwok thought that the Clerk Orders were only related to the state lawsuit on the breach of contract claim as to the price of HBA and FAB. But to Kwok's surprise, on June 15, 2023, he discovered that there was another set of Clerk Orders which prevented the consideration of the change of owner application, as stated in this email string:

---

**From:** Disalvo, Christopher <Christopher.Disalvo@█████████
**Sent:** Wednesday, June 14, 2023 2:54 PM
**To:** ron@████████████
**Subject:** RE: #1797 Documents for upcoming meeting

Good Afternoon,

**We are not able to update the licensure until we address the outstanding clerked order regarding the student data and records.** Is there still a pending suit against the former owner? Until we resolve that issue, it appears the only option is to voluntarily train out these two campuses while applying for new campuses in their places.

---

**From:** Ron Kwok <ron@███████████
**Sent:** Thursday, June 15, 2023 11:16 AM
**To:** Disalvo, Christopher <Christopher.Disalvo@█████████
**Subject:** RE: #4789 Documents for upcoming meeting

Hi Chris.

The clerked order was closed on August 2022 and was settled between the previous owners without going to court (please see attached). I was not involved in this process so I don't know much more about these cases aside from what is on public record.

When I go on the Orange County website: Orange County Clerk of Courts Records Search (myorangeclerk.com) I can confirm that there are no outstanding clerked orders for neither FAB Florida Academy of Beauty, LLC nor HBA Hollywood Beauty Academy, LLC

---

**From:** Disalvo, Christopher <Christopher.Disalvo@ ██████████
**Sent:** Thursday, June 15, 2023 12:25 PM
**To:** ron@ ████████████
**Subject:** RE: #4789 Documents for upcoming meeting

Do you have a number I can call to discuss this? **There is no way to complete the change of ownership without first updating the license by satisfying the attached clerked order from CIE.**

---

40.     Making things worse, Lam (and eventually Sells) started to tortiously interfere with HBA and FAB's business relations. One of the actionable torts accrued on or about May 5, 2023, when Kwok was notified from DBPR that he was no longer allowed to graduate students from HBA because Lam changed the signatory from Kwok as School Director to Sells, Lam's business partner and "love interest." A true and correct copy of the change of signatory is attached hereto as **Exhibit "D."**

41.     The change of signatory has caused a lot of problems for the current HBA students because Kwok cannot graduate his own students. For example, Kwok received multiple notices from DBPR stating that "the school official signature [*i.e.*,

Kwok's signature] is not an approved signature."  A true and correct copy of the notice is attached hereto as **Exhibit "E,"** for a sample from other students.

42.    On or about June 27, 2023, Kwok sent a demand letter to Lam and Nguyen on this issue to immediately stop these illegal activities done outside of HBA, while allowing Sells to act on behalf of HBA.  A true and correct copy of the demand letter is attached hereto as **Exhibit "F."**

43.    Sells is nothing than a stranger to HBA (as well the Sale and Purchase Agreement) and has no legal right to act on behalf of HBA; however, Sells (through Lam and Nguyen) has enrolled and graduated at least 900+ students since May 2023, while the funds were deposited into Lam's personal bank accounts.

44.    As said in the demand letter from Kwok:

[N]one of these people attended the school's campus located at 11348 S Orange Blossom Trail Orlando, FL 32837 nor have they been taught by any instructor registered under the School License.

*See* Ex. E.  Despite multiple letters of demand, Lam and Sells continues to illegally enroll and graduate students under the "Hollywood Beauty Academy" name and mark.

45.    Lam and Nguyen have the authority to change the HBA signatory back to Kwok, yet despite multiple requests from Kwok, they refuse to do so.

46.    Using HBA's published tuition rates, the 900+ students which Lam stole from HBA would amount to $3,063,915 in tuition. Damages continue to build as Lam, Nguyen and Sells persist in their illicit activities.

47.    Both Nguyen and Sells are straw men.  The game goes as follows.  Lam pretends that she has no knowledge of the obligations of the Sale and Purchase Agreement because it was "Nguyen" who contracted; Lam has no knowledge on the HBA and FAB full licensure because "Nguyen" was the owner of HBA and FAB; and Lam purports no knowledge of the HBA Signatory because "Nguyen" changed the HBA Signatory to "Sells."  But Lam is in direct correspondence, routinely, with the State on the very issues that she professes to not know anything about relating to Kwok and Kwok Enterprises.  It is obvious who is pulling strings in this action as the puppet master, and Lam financially benefits in this scheme.

48.    All general and statutory conditions precedent to this action have either occurred or have been waived by operation of law.

49.    HBA, FAB, Kwok, and Kwok Enterprisers are entitled to recover their attorneys' fees from Lam, Nguyen, and Sells, pursuant to statutory law and the contracts herein.

## COUNT I
### Violation of the Defend Trade Secrets Act, 18 U.S.C. § 1832
### Lam

50.    HBA and FAB re-allege the allegations set forth in paragraphs 2 through 49, above, as though fully alleged herein.

51.    On or about May 4, 2023, Kwok and Kwok Enterprises entered into a Sale of Phone Assets Agreement with Lam for HBA and FAB's phone number that was bought under the Sale and Purchase Agreement dated April 2, 2021, between

Kwok and Kwok Enterprises and Nguyen.  A true and correct copy of the Sale of

Phone Assets Agreement is attached hereto as **Exhibit "F."**

52.    The Sale of Phone Assets Agreement makes clear that the contract was

for "legal and beneficial ownership" in HBA and FAB's phone numbers only,

opposed to the physical phones and iCloud information associated with HBA and

FAB's phone numbers.  *See* Ex. F at 1.

53.    Notwithstanding, on or about May 23, 2023, Lam instructed two of

HBA and FAB ex-employees, Thi Thuy Hoa Dao ("Dao"), and Sandy Tu ("Tu"), to

seize the physical iPhones and iCloud account associated with the HBA and FAB

phone numbers.  Subsequently, Lam solicited Tu and Dao to contact previously

enrolled students for future referrals based on HBA and FAB's student directory.

54.    Through their deceptive tactics, Lam, Sells, Dao, and Tu enrolled and

graduated 900+ students using the "Hollywood Beauty Academy" name and the

HBA license while all of the funds were deposited into Lam's personal bank

accounts.

55.    Lam has the right and ability to supervise Dao, Tu, and Sells'

misappropriation of trade secrets due to her position and relationship with Dao, Tu,

and Sells.

56.    Lam has a direct financial interest in the misappropriation of trade

secrets.

57.    In a letter of demand sent to Dao and Tu on the same day, Kwok

makes clear that the iPhones and iCloud account are the property of HBA and FAB

and the phones were removed without Kwok's authorization.  A true and correct copy of the letters of demand is attached hereto as **Composite Exhibit "G."**

58.    HBA and FAB had confidential information in the iCloud accounts associated with HBA and FAB's phone numbers, all of which amounts to trade secrets that were used by Lam in interstate commerce:

- Contact information of students who were actively referring new students to HBA and FAB;

- Data and financial reporting information regarding the operations of HBA and FAB;

- Proprietary competitor analysis and strategy;

- Information on proprietary website analytics; and

- Various other information through chat conservations concerning the know-how on HBA and FAB's business.

59.    A trade secret can be comprised of all forms and types of financial, business, scientific, technical, economic, or engineering information.

60.    HBA and FAB's foregoing trade secrets have economic value and are lawfully owned by HBA and FAB.

61.    By using confidential information, Lam (through Dao, Tu, and Sells) started or attempted to launch a competing business on HBA's licenses.

62.    Lam did not independently create the trade secrets herein without reference to the knowledge and confidential information of HBA and FAB because

the iCloud content alleged here was created after Kwok and Kwok Enterprises bought HBA and FAB.

63.    HBA and FAB took and continue to take all reasonable steps to protect their trade secrets by only selling HBA and FAB's phone numbers only.

64.    Lam willfully and maliciously misappropriated HBA and FAB's trade secrets by disclosing and/or using HBA and FAB's trade secrets without consent, therefore, exemplary damages are warranted.

65.    Lam willfully misappropriated and used HBA and FAB's trade secrets despite that the Sale of Phone Assets Agreement makes clear that the contract was for "legal and beneficial ownership" in HBA and FAB's phone numbers only, not for the content in the iCloud account(s) therein.

66.    As a result of Lam's actions, HBA and FAB have suffered damages.

**WHEREFORE,** Plaintiffs, HBA HOLLYWOOD BEAUTY ACADEMY, LLC and FAB FLORIDA ACADEMY OF BEAUTY, LLC, demand judgment against Defendant, THUY AI CHANH LAM (a/k/a Kathy Lam), and respectfully requests the entry of an Order awarding HBA and FAB with (i) a preliminary and permanent injunction enjoining Lam, its officers, agents, employees, assigns and all persons acting in concert with Lam from engaging in further acts of misappropriation of trade secrets; (ii) damages for actual loss caused by misappropriation; (iii) damages for any unjust enrichment caused by misappropriation not addressed in computing damages for actual losses; (iv) as an alternative to damages for actual loss and unjust enrichment, damages caused by misappropriation measured by

imposition of liability for a reasonable royalty; (v) exemplary damages in an amount not more than two times the amount of either actual loss and unjust enrichment, or alternatively, exemplary damages in an amount not more than two times the amount of reasonably royalty damages; (vi) reasonable attorneys' fees for willful and malicious misappropriation; (vii) costs of the action; (viii) prejudgment interest; and (ix) any such other, further, and different relief as the court deems appropriate.

## COUNT II
### Violation of the Lanham Act, 15 U.S.C. § 1125(a)
### Unfair Competition, False Advertising, or Affiliation
### Lam, Sells

67.    HBA re-alleges the allegations set forth in paragraphs 2 through 49, above, as though fully alleged herein.

68.    Since May 2023 to current, Lam and Sells have been using the "Hollywood Beauty Academy" mark, to the point where the mark is now false or misleading because Lam nor Sells has the legal right to use the "Hollywood Beauty Academy" mark in connection with current and future students of HBA.

69.    Lam has the right and ability to supervise Sells' unfair competition due to her position and relationship with Sells, and Lam has a direct financial interest in the unfair competition activity.

70.    Lam and Sells' advertising and marketing, since May 2023 to current, has deceived, or had the capacity to deceive consumers.

71.    The deception had a material effect on students because Lam and Sells are not the legal School Director of HBA.

72.     Lam and Sells' misrepresented service affects interstate commerce.

73.     Lam and Sells, in connection with services, used in commerce, a word, "Hollywood Beauty Academy," that is likely to cause confusion, mistake, deceive as to affiliation, connection, or association with HBA or as to the origin, sponsorship, or approval of the services offered by HBA.

74.     Alternatively, Lam and Sells, in commercial advertising or promotion, misrepresents the nature, characteristics, or qualities of HBA's services, or commercial activities.

75.     The foregoing establishes unfair competition under the Lanham Act.

76.     Lam and Sells' unfair competition is both intentional and willful, therefore, this is an exceptional case warranting reasonable attorney's fees to HBA.

77.     HBA has been-or is likely to be injured as a result of the false advertising.  Lam and Sells' trademark unfair competition has damaged HBA.

**WHEREFORE,** Plaintiff, HBA HOLLYWOOD BEAUTY ACADEMY, LLC, demands judgment against Defendants, THUY AI CHANH LAM (a/k/a Kathy Lam) and DUANE KEVIN SELLS, and respectfully requests the entry of an Order awarding HBA with (i) a preliminary and permanent injunction enjoining Lam and Sells, their officers, agents, employees, assigns and all persons acting in concert with Lam and Sells from engaging in further acts of unfair competition, false advertising, or affiliation; (ii) Lam and Sells' profits; (iii) any damages sustained by HBA, including corrective advertising; (iv) reasonable attorneys' fees; (v) costs of the

action; (vi) prejudgment interest; and (vii) any such other, further, and different relief as the court deems appropriate.

## COUNT III
### Violation of the Lanham Act, 15 U.S.C. § 1114
### Direct and Vicarious Trademark Infringement
### Lam, Sells

78.    HBA re-alleges the allegations set forth in paragraphs 2 through 49, above, as though fully alleged herein.

79.    As to February 1, 2021 to the present, HBA owns the "Hollywood Beauty Academy" mark.

80.    HBA owns a trademark that is entitled to protection.

81.    Lam and Sells are using the "Hollywood Beauty Academy" mark, which infringes on HBA's trademark.

82.    HBA uses the mark in interstate commerce.

83.    Lam has the right and ability to supervise Sells' infringing activity.

84.    Lam has a direct financial interest in Sells' activity.

85.    Lam and Sells' trademark infringement is both intentional and willful, therefore, this is an exceptional case warranting reasonable attorney's fees to HBA.

**WHEREFORE,** Plaintiff, HBA HOLLYWOOD BEAUTY ACADEMY, LLC, demands judgment against Defendants, THUY AI CHANH LAM (a/k/a Kathy Lam) and DUANE KEVIN SELLS, and respectfully requests the entry of an Order awarding HBA with (i) a preliminary and permanent injunction enjoining Lam and Sells, their officers, agents, employees, assigns and all persons acting in

concert with Lam and Sells from engaging in further acts of trademark infringement; (ii) Lam and Sells' profits; (iii) any damages sustained by HBA; (iv) reasonable attorneys' fees; (v) costs of the action; (vi) prejudgment interest; and (vii) any such other, further, and different relief as the court deems appropriate.

**COUNT IV**
**Breach Of Contract: Sale and Purchase Agreement, dated April 2, 2021**
**Lam, Nguyen**

86.    Kwok and Kwok Enterprises re-allege the allegations set forth in paragraphs 2 through 49, above, as though fully alleged herein.

87.    The Sale and Purchase Agreement dated April 2, 2021, is a valid contract.

88.    Lam is an intended third-party beneficiary on the Sale and Purchase Agreement, evidenced by Section 7.6, which states:

> Joinder by Thuy Ai Lam. Thuy Ai Lam, an affiliate of Seller, by execution of this Agreement solely for purposes of this Article 7, hereby agrees to be bound in full by the restrictive covenants contained in this Article in the same manner as Seller.

*See* Ex. C. at 9

89.    Lam and Nguyen made material breaches to the of Sale and Purchase Agreement including but not limited to:

- (Section 4.1 - Interference) – Allowing Lam and Sells to appoint Sells as the HBA School Director, as to May 2023 to current;

- (Section 4.1 - Interference) – Allowing Lam to execute any documents relating to the operations of HBA and/or FAB;

- (Sections 4.4, 4.6 and 4.10 - Misrepresentation) – Failing to disclose the Clerked Orders dated December 11, 2020, failing to disclose that the school's records were incomplete and inaccurate and failing to disclose that the schools were operating on provisional licenses;

- (Section 4.9 - Intellual Property) – Illegally using the "Hollywood Beauty Academy" mark since May 2023 to current;

- (Section 7.1 - Non-Compete) – Illegally graduating 900+ students through HBA's license and allowing Lam and Sells to appoint Sells as the HBA School Director, as to May 2023 to current;

- (Section 7.2 - Confidential Information) – Using HBA and FAB's confidential information in its iCloud account including the content herein;

- (Section 7.3 - Non-Solicitation) – Allowing employees to seize the iPhones for HBA and FAB, the iCloud account for HBA and FAB including the content herein, and hiring Dao and Tu in violation of the non-solicitation.

90.    On or about November 20, 2023, Kwok and Kwok Enterprises executed the Termination Option in the Finder's Fee Agreement and the Sale and Purchase Agreement; however, both Lam and Nguyen refused to honor their obligations.  Thus, Lam and Nguyen are in breach.

91.    The material breaches caused Kwok and Kwok Enterprises resulting damages.

**WHEREFORE,** Plaintiffs, RONALD KING-WONG KWOK and KWOK ENTERPRISES, LLC, demand judgment against Defendants, THUY AI CHANH LAM (a/k/a Kathy Lam) AND DANIEL NHU NGUYEN, and respectfully requests the entry of an Order awarding Kwok and Kwok Enterprises with (i) compensatory damages; (ii) consequential damages; (iii) incidental damages; (iv) reasonable attorneys' fees, pursuant to the contract; (v) costs of the action; (vi) prejudgment interest; and (vii) any such other, further, and different relief as the court deems appropriate.

## COUNT V
### Breach Of Contract: Finder's Fee Agreement, dated February 1, 2021
### Lam

92.     Kwok re-alleges the allegations set forth in paragraphs 2 through 49, above, as though fully alleged herein.

93.     The Finder's Fee Agreement dated February 1, 2021, is a valid contract.

94.     Lam made a material breach to the of contract by:

- (Section 2.1 - Fee) – Refusing to give Kwok $450,000 after he executed the Termination Option in on or about November 20, 2023.

95.     The material breach caused Kwok resulting damages.

**WHEREFORE,** Plaintiff, RONALD KING-WONG KWOK, demands judgment against Defendant, THUY AI CHANH LAM (a/k/a Kathy Lam), and respectfully requests the entry of an Order awarding Kwok and Kwok Enterprises with (i) compensatory damages; (ii) consequential damages; (iii) incidental damages;

(iv) reasonable attorneys' fees; (v) costs of the action; (vi) prejudgment interest; and (vii) any such other, further, and different relief as the court deems appropriate.

### COUNT VI
### Contractual Indemnification
### Nguyen

96.    Kwok and Kwok Enterprises re-allege the allegations set forth in paragraphs 2 through 49 and paragraphs 87 through 91, above, as though fully alleged herein.

97.    Neither Kwok nor Kwok Enterprises are in fault for the Sale and Purchase Agreement dated April 2, 2021.

98.    Nguyen is at fault.

**WHEREFORE,** Plaintiffs, RONALD KING-WONG KWOK and KWOK ENTERPRISES, LLC, demand judgment against Defendant, DANIEL NHU NGUYEN, and respectfully requests the entry of an Order awarding Kwok and Kwok Enterprises with (i) compensatory damages; (ii) consequential damages; (iii) incidental damages; (iv) reasonable attorneys' fees, pursuant to the contract; (v) costs of the action; (vi) prejudgment interest; and (vii) any such other, further, and different relief as the court deems appropriate.

### COUNT VII
### Rescission on Sale and Purchase Agreement and Finder's Fee Agreement
### (In the Alternate to Counts IV and V)
### Lam, Nguyen

99.    Kwok and Kwok Enterprises re-allege the allegations set forth in paragraphs 2 through 49, above, as though fully alleged herein.

100.    Kwok and Kwok Enterprises had a business relationship with Lam and Nguyen.

101.    Kwok and Kwok Enterprises made a contract with Nguyen by executing the Sale and Purchase Agreement.

102.    Kwok made a contract with Lam by executing the Finder's Fee Agreement.

103.    Lam and Nguyen made false representations on both the Sale and Purchase Agreement and the Finder's Fee Agreement and made impossibility of performance on the contracts due to the lack of full licensure for HBA and FAB.

104.    On or about November 20, 2023, Kwok and Kwok Enterprises rescinded the contracts and notified Lam and Nguyen of such rescission.

105.    Kwok and Kwok Enterprises offered to give HBA and FAB back to Lam and Nguyen, however, both have refused.

106.    Kwok and Kwok Enterprises have no adequate remedy at law.

**WHEREFORE,** Plaintiffs, RONALD KING-WONG KWOK and KWOK ENTERPRISES, LLC, demand judgment against Defendants, THUY AI CHANH LAM (a/k/a Kathy Lam) and DANIEL NHU NGUYEN, and respectfully requests the entry of an Order awarding Kwok and Kwok Enterprises with (i) compensatory damages; (ii) consequential damages; (iii) incidental damages; (iv) reasonable attorneys' fees, pursuant to the contract; (v) costs of the action; (vi) prejudgment interest; and (vii) any such other, further, and different relief as the court deems appropriate.

## COUNT VIII
**Unjust Enrichment**
**Lam, Nguyen**

107.   Kwok and Kwok Enterprises re-allege the allegations set forth in

paragraphs 2 through 49, above, as though fully alleged herein.

108.   On or about November 20, 2023, Kwok executed the Termination

Option in the Sale and Purchase Agreement and the Finder's Fee Agreement.  Those

contracts specify that, when triggered, both Lam and Nguyen must return the

purchase price (*i.e.*, $700,000) back to Kwok and Kwok Enterprises, which also

means that HBA and FAB will be transferred back to Lam and Nguyen.

109.   Since 2021 to the present, Kwok and Kwok Enterprises have made

significant improvements to HBA and FAB.  Those improvements total $171,200 (as

to HBA) and $28,300 (as to FAB).

110.   Those improvements confer a benefit on Lam and Nguyen, who have

knowledge thereof.

111.   By virtue of executing the Termination Option, Lam and Nguyen

voluntarily accepted and retained the benefit conferred.

112.   The circumstances render Lam and Nguyen's retention of the benefit

inequitable unless Lam and Nguyen pay Kwok and Kwok Enterprises for the value

of the benefit, in the amount $171,200 (as to HBA) and $28,300 (as to FAB).

**WHEREFORE,** Plaintiffs, RONALD KING-WONG KWOK and KWOK

ENTERPRISES, LLC, demand judgment against Defendants, THUY AI CHANH

LAM (a/k/a Kathy Lam) and DANIEL NHU NGUYEN, and respectfully requests

the entry of an Order awarding Kwok and Kwok Enterprises with (i) reasonable value of the benefit conferred; (ii) reasonable attorneys' fees; (iii) costs of the action; (iv) prejudgment interest; and (vii) any such other, further, and different relief as the court deems appropriate.

## COUNT IX
## Fraud in the Inducement
## Lam, Nguyen

113.   Kwok and Kwok Enterprises re-allege the allegations set forth in paragraphs 2 through 49, above, as though fully alleged herein.

114.   Lam and Nguyen made false statements (or intentional omissions) concerning material facts by not disclosing that neither HBA nor FAB would ever gain full licensure from CIE, as stated in the October 2020 email string above with CIE.

115.   Lam and Nguyen knew that their statements were patently false before they approached Kwok in December 2020 for the business opportunity for HBA and FAB.

116.   In addition, Lam and Nguyen hid the Clerk Orders dated December 11, 2020, until they received $700,000 full payment from Kwok and Kwok Enterprises. Lam and Nguyen also hid the full picture on the state lawsuit from Kwok, including the non-public facts of the case.

117.   Lam and Nguyen intended to induce Kwok and Kwok Enterprises to act on the sale of HBA and FAB because they saw dollars in their eyes in hopes to off board the issues on the HBA and FAB licensure.

118.    Kwok and Kwok Enterprises relied on the statement, resulting damage to Kwok and Kwok Enterprises.

119.    Lam and Nguyen's conduct was intentional and willful; therefore, punitive damages are warranted to Kwok and Kwok Enterprises.

**WHEREFORE,** Plaintiffs, RONALD KING-WONG KWOK and KWOK ENTERPRISES, LLC, demand judgment against Defendants, THUY AI CHANH LAM (a/k/a Kathy Lam) and DANIEL NHU NGUYEN, and respectfully requests the entry of an Order awarding Kwok and Kwok Enterprises with (i) compensatory damages; (ii) punitive damages; (iii) reasonable attorneys' fees; (iv) costs of the action; (v) prejudgment interest; and (vi) any such other, further, and different relief as the court deems appropriate.

## COUNT X
### Accounting
### Lam, Nguyen

120.    Kwok and Kwok Enterprises re-allege the allegations set forth in paragraphs 2 through 49, above, as though fully alleged herein.

121.    Kwok and Kwok Enterprises' damages cannot be readily ascertained.

122.    The facts necessary to determine the amount due the Kwok and Kwok Enterprises are solely within the knowledge of Lam and Nguyen.

123.    A remedy at law is inadequate.

**WHEREFORE,** Plaintiffs, RONALD KING-WONG KWOK and KWOK ENTERPRISES, LLC, demand judgment against Defendants, THUY AI CHANH

LAM (a/k/a Kathy Lam) and DANIEL NHU NGUYEN, and respectfully requests the entry of an Order awarding Kwok and Kwok Enterprises with (i) compensatory damages; (ii) an equitable accounting; (iii) reasonable attorneys' fees; (iv) costs of the action; (v) prejudgment interest; and (vi) any such other, further, and different relief as the court deems appropriate.

**COUNT XI**
**Tortious Interference with Business Relations**
**Lam, Sells**

124.   Kwok and Kwok Enterprises re-allege the allegations set forth in paragraphs 2 through 49 and paragraphs 68 through 74, above, as though fully alleged herein.

125.   Kwok and Kwok Enterprises have a business relationship with HBA, which Kwok and Kwok Enterprises has legal rights.

126.   Both Lam and Sells have knowledge of the relationship because Lam and Nguyen changed the signatory from Kwok as HBA School Director to Sells, Lam's business partner.

127.   Both Lam and Sells intentionally and unjustifiably interfered with the relationship with HBA.

128.   Kwok and Kwok Enterprises suffered damage.

129.   Lam and Sells' conduct was intentional and willful; therefore, punitive damages are warranted to Kwok and Kwok Enterprises.

**WHEREFORE,** Plaintiffs, RONALD KING-WONG KWOK and KWOK ENTERPRISES, LLC, demand judgment against Defendants, THUY AI CHANH

LAM (a/k/a Kathy Lam) and DUANE KEVIN SELLS, and respectfully requests the entry of an Order awarding Kwok and Kwok Enterprises with (i) compensatory damages; (ii) punitive damages; (iii) reasonable attorneys' fees; (iv) costs of the action; (v) prejudgment interest; and (vi) any such other, further, and different relief as the court deems appropriate.

**COUNT XII**
**Civil Theft**
**Lam**

130.   HBA, FAB, and Kwok re-allege the allegations set forth in paragraphs 2 through 49, above, as though fully alleged herein.

131.   Lam knowingly and intentionally obtained or used, or endeavored to obtain or used, HBA and FAB's property: several iPhones that contain trade secrets connected to their iCloud storage.

132.   Kwok bought and owns the iPhones for the benefit of HBA and FAB.

133.   Lam's act was with felonious intent to permanently or temporarily deprive Kwok, HBA, and FAB's right to benefit from the property or appropriate the property to Lam's use or the use of any person not entitled to the use of the property.

134.   Lam's conduct was intentional and willful; therefore, punitive damages are warranted to HBA, FAB, and Kwok.

**WHEREFORE,** Plaintiffs, HBA HOLLYWOOD BEAUTY ACADEMY, LLC, FAB FLORIDA ACADEMY OF BEAUTY, LLC, and RONALD KING-WONG KWOK, demand judgment against Defendant, THUY AI CHANH LAM (a/k/a Kathy Lam), and respectfully requests the entry of an Order awarding HBA,

FAB, and Kwok with (i) injunctive relief; (ii) compensatory damages; (iii) punitive

damages; (iv) restitution; (v) reasonable attorneys' fees; (vi) costs of the action; (vii)

prejudgment interest; and (viii) any such other, further, and different relief as the

court deems appropriate.


**DATED:** December 11, 2023

                                    Respectfully submitted,


                                    */s/ Coleman Watson*
                                    **Coleman W. Watson, Esq.**
                                    Florida Bar. No. 0087288
                                    California Bar No. 266015
                                    Georgia Bar No. 317133
                                    New York Bar No. 4850004
                                    Email: coleman@alexanderhero.com

                                    **ALEXANDER HERO**
                                    P.O. Box 3586
                                    Orlando, FL 32802
                                    Tel: (917) 796-6055

                                    *Attorneys for Plaintiffs*

## **VERIFICATION**

STATE OF FLORIDA
COUNTY OF ORANGE

      I, the undersigned, RONALD KING-WONG KWOK, is a Florida citizen and one of the Plaintiffs in this civil action.  As such, I have personal knowledge of the facts set forth in the Verified Complaint.  I have reviewed the allegations of facts set forth in the Verified Complaint under penalty of perjury under the laws of the United States of America and the State of Florida and hereby verify that said facts are true, correct, and accurate to the best of my knowledge.

      Dated this 10th day of December 2023.

_____
RONALD KING-WONG KWOK

_____
RONALD KING-WONG KWOK
On behalf of HBA HOLLYWOOD BEAUTY ACADEMY, LLC

_____
RONALD KING-WONG KWOK
On behalf of FAB FLORIDA ACADEMY OF BEAUTY, LLC

_____
RONALD KING-WONG KWOK
On behalf of KWOK ENTERPRISES, LLC