# Attachment C
*Plaintiffs' Outline of the Case*

## A.    <u>Succinct Non-Argumentative Factual Summary</u>

HBA Hollywood Beauty Academy, LLC ("HBA") and FAB Florida Academy of Beauty, LLC ("FAB") own two beauty schools in the fields of cosmetology, esthetics, nail technology, barbering, and permanent makeup.  Both beauty schools are based in Orlando, Florida.  HBA and FAB have two state regulators: (i) the Commission for Independent Education, Florida Department of Education ("CIE") and (ii) the Florida Department of Business and Professional Regulation ("DBPR").  CIE controls the business license for HBA and FAB, while DBPR controls the personal licenses for cosmologists (i.e., students), who attended a beauty school to ensure the requirements of licensure are met.

Lam and Nguyen formed HBA and FAB, in June 2019, from predecessor entities, Hollywood Beauty Academy, Inc. and Florida Academy of Beauty, Inc., respectively.  Lam and Nguyen operated HBA and FAB from June 2019 until February 1, 2021, when Kwok and Kwok Enterprises bought HBA and FAB from Nguyen.  Essentially, Kwok and Kwok Enterprises bought HBA and FAB for $700,000 under two contracts: (i) a Finder's Fee Agreement with Lam in the amount of $450,000 and (ii) a Sale and Purchase Agreement with Nguyen in the

1

amount of $250,000.  Under the executed contracts, Lam and Nguyen do not have any legal rights over HBA and FAB after the sell of the schools.

Both the Finder's Fee Agreement and Sale and Purchase Agreement contain a Termination Option, which was designed to rescind the $700,000 under the Finder's Fee Agreement and Sale and Purchase Agreement back to Kwok and Kwok Enterprises if they could not "operate [HBA and FAB] with all licensing in the state of Florida."  The Sale and Purchase Agreement also includes an indemnification clause wherein Nguyen agreed to hold Kwok, Kwok Enterprises, HBA, and FAB, jointly and/or severally, harmless against, and reimburse the same on demand for any damage, loss, cost or expense.

After Kwok and Kwok Enterprises bought HBA and FAB, Kwok notified CIE as to the change of ownership from Nguyen to Kwok.  CIE refused to change ownership, citing two Clerk Orders filed on December 11, 2020.  Kwok and Kwok Enterprises did not know the existence of the two Clerk Orders before they bought HBA and FAB.  Nonetheless, from 2021 to 2023, Kwok worked with CIE on the approval of the change of ownership and licensure to deal with the issues presented by the two Clerk Orders in order to attain full licenses for HBA and FAB.  All of the items in the two Clerk Orders are based on timelines where Nguyen was in control of HBA and FAB.

On or about May 4, 2023, Lam changed the signatory from Kwok as the HBA School Director to Sells, via a letter to DBPR to Barbara Smitth, a public official.  Thus, as of that date, Kwok was unable to graduate his HBA students. According to public records, Sells formed "International Cosmetology and Barber Institute, LLC" under Florida law, on May 5, 2023, which is the exact date (i.e., May 5, 2023) when Lam removed Kwok as the HBA signatory.  After Sells became the HBA Director, he certified students to gain licenses from DBPR for cosmologist licenses.

On or about June 27, 2023, Kwok sent a demand letter to Lam and Nguyen on this issue to immediately stop these activities done outside of HBA by allowing Sells to act on behalf of HBA.  This lawsuit ensued after Lam and Nguyen declined to give the $700,000 back to Kwok and Kwok Enterprises.

On December 11, 2023, Plaintiffs, HBA, FAB, Ronald King-Wong Kwok ("Kwok"), and Kwok Enterprises, LLC ("Kwok Enterprises"), filed a Verified Complaint against Defendants, Thuy Ai Chanh Lam ("Lam"), Daniel Nhu Nguyen ("Nguyen"), and Duane Kevin Sells ("Sells").  The Verified Complaint brings twelve claims.  Plaintiffs added Defendant ICBI, Thi Thuy Hoa Dao ("Dao"), and Sandy Tu ("Tu").  *See generally* Doc. 91.  The crux of this case stems from the inability to get full licenses (i.e., annual licenses) from CIE as to HBA and FAB and approval to transfer ownership from Nguyen to Kwok on contract theories.

3

The case also brings theories of trade secret and trademark infringement.  In the relevant time period (i.e., May 5, 2023 to June 30, 2024) Defendants used the HBA trademark to certify approximately 1,800 students under HBA by using ICBI.

In due course, Defendants filed an Answer which alleges four defenses: mitigation, unclean hands, estoppel, and waiver.

In January 2025, CIE entered two Clerk Orders that shut down both HBA and FAB, citing the lack of response to the December 11, 2020 Clerks Orders wherein Nguyen was under control of the schools.  Plaintiffs never attained full licensure of HBA and FAB.  Plaintiffs never terminated the two contracts at issue.

**B.**     **Relevant Statutes and Illustrative Case Law**

*Statutes*

18 U.S.C. § 1832 – The Defend Trade Secrets Act (Count I)

15 U.S.C. § 1125(a) – The Lanham Act (Unfair Competition) (Count II)

15 U.S.C. § 1114 – The Lanham Act (Trademark Infringement) (Count III)

15 U.S.C. § 1117 – The Lanham Act (Attorneys fees)

28 U.S.C. § 1920 – Taxation of Costs

Georgia Code § 7-4-2 – Prejudgment Interest

*Illustrative case law (Counts II/III)*

*24-7 Bright Star Healthcare, LLC v. Brightstars Helping Hands LLC*, No. 6:22-cv-2087-RBD-RMN (M.D. Fla. Aug 14, 2023)

*Aid for Women v. Foulston*, 441 F.3d 1101 (10th Cir. 2006)

4

*Amstar Corp. v. Domino's Pizza, Inc.*, 615 F.2d 252 (5th Cir. 1980)

*Bd. Of Regents of Univ. Of Wisconsin Sys. v. Phoenix Int'l Software, Inc.*, 653 F.3d 448 (7th Cir. 2011)

*Bonilla v. Potter*, 2004 WL 1925051 (M.D. Fla. July 12, 2004)

*CAE, Inc. v. Clean Air Eng'g, Inc.*, 267 F.3d 660 (7th Cir. 2001)

*CareFirst of Maryland, Inc. v. First Care, P.C.*, 434 F.3d 263 (4th Cir. 2006)

*Church v. City of Huntsville*, 30 F.3d 1332 (11th Cir. 1994)

*Clayton v. Howard Johnson Franchise Systems, Inc.*, 730 F. Supp. 1553 (M.D. Fla. 1988)

*Custom Mfg. & Eng'g, Inc. v. Midway Servs., Inc.*, 508 F.3d 641 (11th Cir. 2007)

*Crystal Entertainment & Filmworks, Inc. v. Jurado*, 643 F.3d 1313 (11th Cir. 2011)

*Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 589 (1993)

*E. Remy Martin & Co., S.A. v. Shaw-Ross Int'l Imports, Inc.*, 756 F.2d 1525 (11th Cir. 1985)

*El Paso Nat. Gas Co. v. Neztsosie*, 526 U.S. 473 (1999)

*Elrod v. Burns*, 427 U.S. 347 (1976)

*Entrepreneur Media, Inc. v. Smith*, 279 F.3d 1135 (9th Cir. 20020)

*Eskay Drugs v. Smith, Kline & French Labs.*, 188 F.2d 430, 431 (5th Cir. 1951)

*Florida Int'l Univ. Bd. of Trustees v. Florida Nat'l Univ., Inc.*, 830 F.3d 1242 (11th Cir. 2016)

*Frehling Enterprises, Inc. v. Int'l Select Grp., Inc.*, 192 F.3d 1330 (11th Cir. 1999)

*Haitian Refugee Ctr., Inc. v. Christopher*, 43 F.3d 1431 (11th Cir. 1995)

*Helene Curtis Indus., Inc. v. Church & Dwight Co.*, 560 F.2d 1325 (7th Cir. 1977)

*Homeowners Grp., Inc. v. Home Mktg. Specialists, Inc.*, 931 F.2d 1100 (6th Cir. 1991)

*In re Inca Textiles*, LLC, 344 F. App'x 603 (Fed. Cir. 2009)

*Int'l Kennel Club of Chicago, Inc. v. Mighty Star, Inc.*, 846 F.2d 1079 (7th Cir. 1988)

*Investacorp, Inc. v. Arabian Inv. Banking Corp.*, 931 F.2d 1519 (11th Cir. 1991)

*Jellibeans, Inc. v. Skating Clubs of Georgia, Inc.*, 716 F.2d 833, 840 (11th Cir. 1983)

*Kelly-Brown v. Winfrey*, 659 F. App'x 55 (2d Cir. 2016)

*Kibler v. Hall*, 843 F.3d 1068 (6th Cir. 2016)

*Kumho Tire Co. Ltd. v. Carmichael*, 526 U.S. 137, 152 (1999)

*Lane Cap. Mgmt., Inc. v. Lane Cap. Mgmt., Inc.*, 192 F.3d 337 (2d Cir. 1999)

*League of Women Voters of N. Carolina v. North Carolina*, 769 F.3d 224 (4th Cir. 2014)

*Llovera v. Florida*, 576 F. App'x 894 (11th Cir. 2014)

*M2 Software, Inc. v. M2 Commc'ns, Inc.*, 450 F.3d 1378 (Fed. Cir. 2006)

*Maker's Mark Distillery, Inc. v. Diageo N. Am., Inc.*, 679 F.3d 410 (6th Cir. 2012)

*McDonald's Corp. v. Robertson*, 147 F.3d 1301 (11th Cir. 1998)

*McGraw-Edison Co. v. Walt Disney, Prods.*, 787 F.2d 1163 (7th Cir. 1986)

*Meridian Mut. Ins. Co. v. Meridian Ins. Grp., Inc.*, 128 F.3d 1111 (7th Cir. 1997)

*Mishawaka Rubber & Woolen Mfg. Co. v. S.S. Kresge Co.*, 316 U.S. 203, 207 (1942)

*Miss Universe, Inc. v. Little Miss U.S.A., Inc.*, 1981 WL 40568 (N.D. Ga. June 19, 1981)

*Nautilus Grp., Inc. v. ICON Health & Fitness, Inc.*, 372 F.3d 1330 (Fed. Cir. 2004)

*Nutrivida, Inc. v. Inmuno Vital, Inc.*, 46 F. Supp. 2d 1310, 1316 (S.D. Fla. 1998)

*Palmer v. Braun*, 287 F.3d 1325 (11th Cir. 2002)

*Polo Fashions, Inc. v. Rabanne*, 661 F. Supp. 89, 94 (S.D. Fla. 1986)

*Quiksilver, Inc. v. Kymsta Corp.*, 466 F.3d 749 (9th Cir. 2006)

*Safeway Stores, Inc. v. Safeway Disc. Drugs, Inc.*, 675 F.2d 1160 (11th Cir. 1982)

*Sally Beauty Co. v. Beautyco, Inc.*, 304 F.3d 964 (10th Cir. 2002)

*Sam's Wines & Liquors Inc. v. Wal-Mart Stores, Inc.*, 1993 WL 350194 (N.D. Ill. Sept. 7, 1993)

*Scott v. Roberts*, 612 F.3d 1279 (11th Cir. 2010)

*Sec'y, U.S. Dept. of Labor v. Lear Corp. Eeds & Interiors*, 822 F.3d 556 (11th Cir. 2016)

*Siegel v. LePore*, 234 F.3d 1163 (11th Cir. 2000)

Sovereign Military Hospitaller Order of Saint John of Jerusalem of *Rhodes & of Malta v. Florida Priory of the Knights Hospitallers of the Sovereign Order of Saint John of Jerusalem, Knights of Malta, The Ecumenical Order*, 809 F.3d 1171 (11th Cir. 2015)

*Superior Consulting Services v. Shaklee Corp.*, 710 F. App'x 850, 857 (11th Cir. 2017)

*St. Luke's Cataract & Laser Inst., P.A. v. Sanderson*, 573 F.3d 1186 (11th Cir. 2009)

*Swatch Watch, S.A. v. Taxor, Inc.*, 785 F.2d 956, 958 (11th Cir. 1986)

*Tiramisu Int'l LLC v. Clever Imps. LLC*, 741 F. Supp. 2d 1279, 1291 (S.D. Fla. 2010)

*Tobinick v. Novella*, 884 F.3d 1110 (11th Cir. 2018)

*Two Pesos, Inc. v. Taco Cabana, Inc*., 505 U.S. 763 (1992)

*United States v. Frazier*, 387 F.3d 1244, 1262–63 (11th Cir. 2004)

*WMS Gaming, Inc. v. WPC Prods. Ltd.*, 542 F.3d 601, 609 (7th Cir. 2008)

*World Carpets, Inc. v. Dick Littrell's New World Carpets*, 438 F.2d 482 (5th Cir. 1971)

*Zobmondo Entm't, LLC v. Falls Media, LLC*, 602 F.3d 1108 (9th Cir. 2010)

*Illustrative case law (for all other Counts alleged)*

Garden variety common law case law, for example, contract law:

*Jackson v. Cintas Corp.*, No. 1:03-CV-3104-JOF, 2004 U.S. Dist. LEXIS 30850, at *10 (N.D. Ga. Sep. 29, 2004)

*Mon Ami Intern., Inc. v. Gale*, 264 Ga. App. 739, 592 S.E.2d 83, 86 (Ga. Ct. App. 2003))

*Muhammad v. JP Morgan Chase Bank N.A.*, No. 1:20-cv-4802-MLB, 2022 U.S. Dist. LEXIS 79727, at *8 (N.D. Ga. Mar. 24, 2022)

*Walker v. State Farm Fire & Cas. Co.*, No. 1:23-cv-4080-MLB, 2024 U.S. Dist. LEXIS 138526, at *5 (N.D. Ga. July 11, 2024)

8

## C.      **Each Item of Damage Claimed**

Plaintiffs allege the following items of damage:

*Unjust Enrichment Damages* – **$4,338,670** (Counts I, II, III, IV, X, XI)
        Statute: The Lanham Act, 15 U.S.C. § 1117(a) (Defendants Profits)[1]

*Out-of-Pocket Damages* – **$1,120,924** (Counts IV, V, VI, VIII, XII)
        Contract at issue: Compensatory damages, *see* Doc. 91 at 28–32, 36; Doc.
        91-2; Doc. 91-3.

*Statutory Treble Damages for Counterfeiting* – **$13,016,010** (Counts II, III)
        Statute: The Lanham Act, 15 U.S.C. § 1117

*Punitive Damages* – a ratio of up to 2:1 punitive/compensatory damages
        Case law: *Williams v. First Advantage LNS Screening Sols., Inc.*, 947 F.3d
        735, 750 (11th Cir. 2020) ("The Supreme Court's second guidepost looks to
        the disparity between the harm or potential harm suffered by the plaintiff and
        the punitive damages award.  Although it set out no rigid bright-line rule, the
        Supreme Court has indicated that a ratio greater than 4:1 between punitive
        and compensatory damages will likely be close to the line of constitutional
        impropriety.  Moreover, the Court has noted that few awards exceeding a
        single-digit ratio, to a significant degree, will satisfy due process.
        Nevertheless, when a particularly egregious act has resulted in only a small
        amount of compensatory damages, then a greater ratio may be sustainable.
        Conversely, when the plaintiff has received a substantial compensatory
        damages award, then a lesser ratio—perhaps just a 1:1 ratio (that is, total
        damages not exceeding double the compensatory damages award)—will
        reach the outermost limit of the due process guarantee.").

*Prejudgment Interest* – **$695,952** (as to March 31, 2025)
        Statute: Legal Rate of Interest, Georgia Code § 7-4-2,

*Attorneys' fees* – (estimation to date – **$900,000**)
        Statute: The Defend Trade Secrets Act
        Statute: The Lanham Act, 15 U.S.C. § 1117(a)
        Contract: *See* Doc. 91 at 18, 28, 31, 32, 36 and Doc. 91-3 at 9, §§ 8.2, 8.3

---

[1] Defendants' profits are equal to compensatory damages from an Accounting and/or Tortious
Interference with Business Relations.  *See* Doc. 91 at 36–38; *see also* Docs. 263-1, 332-1.

*Cost* – (estimation to date – **$80,000**)
      Statute: The Lanham Act, 15 U.S.C. § 1117(a)
      Statute: Taxation of Costs, 28 U.S.C. § 1920

*Permanent injunction as to Counts I, II, III*
      Statute: The Defend Trade Secrets Act, 18 U.S.C. § 1836(b)(3) (Count I)
      Statute: The Lanham Act, 15 U.S.C. § 1116 (Counts II, III)